UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CERTAIN UNDERWRITERS SUBSCRIBING**     CIVIL ACTION NO.: 6:20-CV-00795
**TO GULF COAST MARINE, LLC POLICIES**
**GCM 14549, GCM 16549, GCM 23096, GCM**
**17549 AND GCM 23437**

**VERSUS**     JUDGE:

**MONCLA MARINE, LLC, MONCLA**     MAGISTRATE JUDGE:
**COMPANIES, LLC AND MONCLA MARINE**
**OPERATIONS, LLC**

---

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b) FOR LACK OF SUBJECT MATTER JURISDICTION OR FAILURE TO STATE A CLAIM

MAY IT PLEASE THE COURT:

Under Article III of the United States Constitution, federal judicial power is restricted to actual "cases and controversies." In addition to implicating a district court's jurisdiction, the concept of "ripeness" involves prudential considerations. See *Action Alliance of Senior Citizens of Greater Philadelphia v. Heckler,* 789 F.2d 931, 940 n. 12 (D.C.Cir.1986) ("[E]ven when the constitutional minimum has been met.......prudential considerations may still counsel judicial restraint.").

The ripeness doctrine dictates that courts should decide only existing significant controversies, not hypothetical ones. "[I]ts basic rational is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements ..." *Abbott Laboratories v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds, Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The Supreme Court has stated that in determining whether a case is ripe for adjudication,

two considerations are paramount: "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Abbott Laboratories*, 387 U.S. 149, 87 S.Ct. 1507.

The Plaintiff Underwriters show that the insurance policy they sold to the Moncla entities is an indemnity policy, which essentially means that until Moncla pays money, Underwriters don't owe money. Paragraph 11 of Underwriters' complaint, quoting policy provisions, shows that Underwriters are liable for the excess above the deductible when it's exceeded by the cost of investigating or defending a claim, <u>or the amount paid by Moncla under a judgment or an agreed settlement</u>.

Similarly, until Wilbert Stewart obtains a judgment (or agreed settlement) against Moncla, Moncla cannot be forced to pay. Until Stewart has that judgment, only then can he execute on the judgment. At the point in time that Wilbert Stewart can execute on a judgment against Moncla, is the point in time that Moncla can then demand that Underwriters pay. Therefore, there is no issue between Underwriters and Wilbert Stewart that is anywhere close to "ripe" for adjudication. It can only become "ripe" when Wilbert Stewart goes to collect a judgment against Moncla.

In *Allied World Surplus Lines Ins. Co. v. Blue Cross & Blue Shield of South Carolina*, 2017 WL 3328230, Allied World sought a declaratory judgment determining its obligations pursuant to an errors and omissions policy as well as a director's and officer's policy sold to Blue Cross & Blue Shield of South Carolina. The policies included alternative dispute resolution provisions, requiring the parties to either mediate or arbitrate disputes before commencing litigation. Blue Cross Blue Shield challenged the district court's jurisdiction and moved for dismissal of the action pursuant to Rule 12(b), arguing that the ADR requirement had not been fulfilled and therefore the underlying claims were not ripe for judicial determination. The district court concluded that where

a mediation condition precedent to litigation remained unsatisfied, but could be satisfied at some point in the future, the merits of the underlying case were not ripe for judicial review. Since the dispute was not ripe, dismissal was appropriate under Rule 12(b), and the court granted the motion to dismiss filed by Blue Cross Blue Shield.

The same logic applies in this case. There remains a condition precedent, and that is a judgment against Moncla, which may become satisfied in the future (we have a trial date in September), therefore, the merits of any claim between Underwriters and Wilbert Stewart are not ripe for judicial review. Stewart has not even made a "direct action" claim against Underwriters.

Regarding the second prong, "the hardship of the parties of withholding court consideration", the jurisprudence shows that federal district courts have almost unanimously refused to entertain declaratory judgment actions by insurance companies against injured seaman, instead allowing seaman the opportunity to choose their own forum and litigate all issues in their chosen forum. Mr. Stewart should not be forced to litigate this case filed by Underwriters. It is asserted that Mr. Stewart will face hardship if he must litigate two different cases, over a single set of operative facts. Mr. Stewart's case is set for trial in September. Assuming he prevails and gets a judgment against Moncla, he will then have the ability to enforce the judgment. We assume Moncla would then want Underwriters to indemnify pursuant to the insurance policy. That's when the issues become "ripe" for adjudication. Therefore, Stewart's motion to dismiss should be granted.

Respectfully submitted,

**CRAIG A. DAVIS**

*/s/ Craig A. Davis*
**CRAIG A. DAVIS**
*A Professional Law Corporation*
Bar Roll No. 23024
111 Mercury Street
Lafayette, Louisiana 70503
Telephone: 337/231-5351
Facsimile: 337/289-1219
**Counsel for Defendant, Wilbert Stewart**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 8th day of July, 2020, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

*s/Craig A. Davis*
**CRAIG A. DAVIS**