UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS SUBSCRIBING TO GULF COAST MARINE, LLC POLICIES GCM 14549, GCM 16549, GCM 23096, GCM 17549 AND GCM 23437 | C.A. NO.: 6:20-CV-00795 |
| VERSUS | JUDGE MICHAEL J. JUNEAU |
| MONCLA MARINE, LLC, MONCLA COMPANIES, LLC AND MONCLA MARINE OPERATIONS, LLC | MAG. CAROL B. WHITEHURST |

### LOU HENRY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b) FOR LACK OF SUBJECT MATTER JURISDICTION OR FAILURE TO STATE A CLAIM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes Defendant Lou Henry ("Henry"), and respectfully moves this Honorable Court to dismiss this action against him because (1) the Court lacks subject matter jurisdiction over any issues that might exist in the future between Plaintiff, Underwriters, and himself on the basis of "ripeness", and (2) the Complaint fails to state a claim upon which relief can be granted.

### I. BACKGROUND

On June 3, 2018, while performing his duties in the service of the Moncla Defendants' vessel, Henry sustained life-altering physical injuries.  Henry's crew was instructed by his supervisor on Moncla's Barge Rig 102 to assist an employee from a third party contractor in breaking the wellhead at that site. Although this is supposed to be a one man job, the condition of the wellhead required additional help.  Henry attempted to break the well pins off along with

other members of the crew. During this process, Henry pulled on a well pin using a cheater pipe, while other crew members pushed on the pipe wrench in an attempt to loosen a stuck pin. The pipe ultimately disengaged, pushing towards Henry, and forced him backwards. He struck a handrail behind him, was flipped over the railing, and landed on a plywood board breaking his fall. Henry sustained serious and debilitating injuries to his lower back and right wrist/hand. As a result of the incident, Henry filed suit in Texas state court in Houston, Harris County, Texas on October 4, 2018, and has prosecuted same in the intervening months.

On June 23, 2020, Plaintiffs, Certain Underwriters Subscribing to Gulf Coast Marine, LLC Policies GCM 14549, CMG 16549, and GCM 17549 ("Underwriters"), filed this action seeking a declaratory judgment related to insurance coverage allegedly provided to the Moncla Defendants. Significantly for this Motion, **NO CAUSE OF ACTION WAS ASSERTED AGAINST HENRY**. Despite this, Underwriters have named Henry as a Defendant. Likewise, despite the allegations of the Declaratory Judgment action not being ripe, Plaintiffs have filed it. To be clear, this court lacks subject matter jurisdiction over this matter because it is not yet ripe. Under Texas law, until the liability determination in Henry's state court lawsuit, this declaratory judgment action is not ripe. Even were this Court to decide to overlook the lack subject matter jurisdiction, and decide hypothetical issue, the Complaint fails to state a claim against Henry upon which relief can be granted, and should be dismissed.

## II. ARGUMENT & AUTHORITY

**A.    The issues sought to be litigated by Underwriters are not ripe.**

Federal Rules of Civil Procedure 12(b)(1) permits dismissal of a case for lack of subject matter jurisdiction. *Waveland Services, Inc. v. McClure*, Civ. Action No. 19-cv-01211, 2018

WL 7194476 (W.D. La. 12/26/2019). The burden lies with the party asserting jurisdiction. *Id.* With respect to declaratory judgment actions, the Fifth Circuit has provided guidance regarding the Court's inquiry when a motion to dismiss for lack of subject matter jurisdiction has been filed:

> When considering a declaratory judgment action, a district court must engage in a three-step inquiry. First, the court must determine whether the declaratory judgment action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action. A court's finding that a controversy exists such that it has subject matter jurisdiction is a question of law . . . . Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented. Third, the court has to determine how to exercise its broad discretion to decide to dismiss a declaratory judgment action.

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000). Under Article III of the United States Constitution, federal judicial power is restricted to actual "cases and controversies." In addition to implicating a district court's jurisdiction, the concept of "ripeness" involves prudential considerations. *See Action Alliance of Senior Citizens of Greater Philadelphia v. Heckler*, 789 F .2d 931, 940 n. 12 (D.C.Cir.l986) ("[E]ven when the constitutional minimum has been met...prudential considerations may still counsel judicial restraint.").

The ripeness doctrine dictates that courts should decide only existing significant controversies, not hypothetical ones. "[I]ts basic rational is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements..." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), overruled on other grounds, *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The Supreme Court has stated that in determining whether a case is ripe for

adjudication, two considerations are paramount: "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Abbott Laboratories*, 387 U.S. 149, 87 S.Ct. 1507.

The Plaintiff Underwriters claim that the insurance policy they sold to the Moncla entities is an indemnity policy, which essentially means that until Moncla pays money, Underwriters don't owe money. Paragraph 11 of Underwriters' complaint, quoting policy provisions, shows that Underwriters are liable for the excess above the deductible when it's exceeded by the cost of investigating or defending a claim, or the amount paid by Moncla under a judgment or an agreed settlement.

It is likely that Plaintiffs will argue in response that the Moncla entities have breached the insurance policies, and that is what the Underwriters seek adjudication of. *See* D.E. 12, p. 9. However, this deliberately misses the point. This ripeness issue alleged herein (and also by Defendant Stewart in his Motion to Dismiss) is that this action is not ripe ***specifically against the injured seamen who have been made Defendants in this suit***. Until Henry obtains a judgment (or agreed settlement) against Moncla, Moncla cannot be forced to pay. Until Henry has that judgment, only then can he execute on the judgment. At the point in time that Henry can execute on a judgment against Moncla, is the point in time that Moncla can then demand that Underwriters pay. Therefore, there is no issue between Underwriters and Henry that is anywhere close to "ripe" for adjudication. It can only become "ripe" when Henry goes to collect a judgment against Moncla. Underwriters have deliberately multiplied litigation that is presently pending out of an attempt to burden all of the underlying Jones Act seamen who now have to participate in additional litigation. It is a transparent litigation technique that should not be

condoned by this Honorable Court. At present, the risk to Underwriters is hypothetical. It may not arise for months, or years, **IF AT ALL**. That is the very definition of hypothetical, meaning these issues are not ripe for adjudication.

In *Allied World Surplus Lines Ins. Co. v. Blue Cross & Blue Shield of South Carolina*, the Plaintiff sought a declaratory judgment determining its obligations pursuant to an errors and omissions policy as well as a director's and officer's policy sold to Blue Cross & Blue Shield of South Carolina. *Allied World Surplus Lines Ins. Co. v. Blue Cross & Blue Shield of South Carolina*, 2017 WL 3328230 (D.S.C. 2017). The policies included alternative dispute resolution provisions, requiring the parties to either mediate or arbitrate disputes before commencing litigation. Blue Cross Blue Shield challenged the district court's jurisdiction and moved for dismissal of the action pursuant to Rule 12(b), arguing that the ADR requirement had not been fulfilled and therefore the underlying claims were not ripe for judicial determination. The district court concluded that where a mediation condition precedent to litigation remained unsatisfied, but could be satisfied at some point in the future, the merits of the underlying case were not ripe for judicial review. Since the dispute was not ripe, dismissal was appropriate under Rule 12(b), and the court granted the motion to dismiss filed by Blue Cross Blue Shield.

The same logic applies in this case. There remains a condition precedent, and that is a judgment against Moncla, which may become satisfied in the future, therefore, the merits of any claim between Underwriters and Henry are not ripe for judicial review. Henry has not even made a "direct action" claim against Underwriters in his lawsuit, nor could he in the state of Texas.

Regarding the second prong, "the hardship of the parties of withholding court consideration", federal district courts have almost unanimously refused to entertain declaratory

judgment actions by insurance companies against injured seamen, instead allowing a seaman the opportunity to choose his own forum and litigate all issues in their chosen forum. "The Declaratory Judgment Act was an authorization, **not a command**. It gave the federal courts competence to make a declaration of rights; **it did not impose a duty to do so.**" *See Paschal v. Lykes Bros. S.S. Co.*, 264 F. Supp. 836, 839 (S.D. Tex. 1966) (*quoting Public Affairs Assocs. v. Rickover*, 369 U.S. 111, 112, 82 S. Ct. 580, 7 L. Ed. 2d 604 (1962)) (emphasis added). "[A] federal court, in exercising its discretion to grant or refuse relief, should avoid needless conflict with other courts, state or federal." *Employers' Liability Assur. Corp. v. Mitchell*, 211 F.2d 441, 443 (5th Cir. 1954).

Henry should not be forced to litigate this case filed by Underwriters. Henry will face hardship if he must litigate an additional case, over a single set of operative facts. There will be an undeniable overlap of facts from Henry's underlying lawsuit and this matter, resulting in a potential needless conflict with the Texas state court case. Henry's Texas state court case is set for trial in September 2020. Assuming he prevails and gets a judgment against Moncla, he will then have the ability to enforce the judgment. Henry assumes Moncla would then want Underwriters to indemnify pursuant to the insurance policy. Only at that point would the issues become "ripe" for adjudication. Therefore, Henry's motion to dismiss should be granted.

**B.      Under Texas law, the duty to indemnify is not justiciable at this point.**

The general rule is that a declaratory judgment action is not ripe for adjudication until the Texas state court's determination of liability. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536-37 (5th Cir. 2004). Nevertheless, the Court may accept jurisdiction in "limited circumstances" under the *Griffin* exception. *Klein v. O'Neal, Inc.*, 2009 U.S. Dist. LEXIS

101544, 2009 WL 3573849, at *4 (*citing Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). Under the *Griffin* standard, the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit **ONLY** when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify. *Griffin* at 84. This is not the scenario presented in this case. Moncla still has the ability to defend any of the underlying injury lawsuits, up to the amount of the deductible in the insurance, which would then trigger the duty to indemnify. Nothing is preventing this from occurring, ***and it is wholesale speculation to claim it will not occur***. Accordingly, the facts presented in this declaratory judgment action by Underwriters do not "negate any possibility the insurer will ever have a duty to indemnify" as required by the Texas Supreme Court. Under Fifth Circuit precedent, this renders the declaratory judgment action not ripe for adjudication until after the conclusion of Henry's state court lawsuit.

**C.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Henry.**

Under Fed.R.Civ.P. 12(b)(6), a party may move to dismiss an action for failure to state a claim upon which relief can be granted. "[T]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief." *Gargano v. Liberty Int'l Underwriters*, 572 F.3d 45, 49 (1st Cir. 2009) (*quoting* Fed.R.Civ.P. 8(a)(2)(internal quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The "plausibility" standard requires "more than a sheer possibility that a defendant has acted

unlawfully." *Id.* at 678. In other words, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

A complaint must be dismissed under *Twombly/Iqbal* and their progeny if it fails to "answer the basic questions, who did what, to whom (or with whom), where and when?" *Kendall v. Visa U.S.A. Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008). Cases following *Twombly* characterized complaints as lacking sufficient factual mater to show illegally when the complaints "offer bare allegations without any reference to the who, what, where, when, how or why." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008). A "plaintiff must offer more than an unadorned, the-defendant-unlawfully-harmed-me accusation in order to claim a plausible entitlement to relief." *Sanchez v. Periera-Castillo*, 590 F.3d 31 (1st Cir. 2009) (internal citations omitted).

A review of the Complaint indicates Plaintiffs have made the following allegations against Henry:

- There is a presently pending suit by Henry against Moncla ("This action is related to two other suits which are not pending in this Court...and Lou Henry v. Key Energy Services, Inc., Moncla Companies, L.L.C. and Moncla Companies, L.L.C. a/k/a Moncla Marine, Cause No. 2018-70848, pending in the District Court for Harris County, Texas, 55th Judicial District.") (D.E. 1, par. 5).
- Lou Henry may be served at 314 Verdun St., Lafayette, LA 70501. (D.E. 1, par. 10).
- Counsel for Moncla withdrew from the Henry case on March 17, 2020 (D.E. 1, par. 17).

The above represents literally every single accusation made against Henry by Plaintiffs.

Despite not being a party to the alleged insurance contract, Plaintiffs have named Lou Henry as a Defendant in this Declaratory Judgment matter. Despite naming him as a

8

Defendant, Plaintiffs have made no actual claim against Henry, nor sought any relief against him via this action. The problem with this approach is that it does not meet the federal pleading standards. Accordingly, under the standards of the Federal Rules of Civil Procedure, because the Complaint fails to state a claim to relief against Henry that is plausible on its face, it must be dismissed.

WHEREFORE, Henry prays the Court grant his Motion and dismiss the matter against him. Henry further prays for all other just and proper relief to which he may be entitled.

Respectfully submitted,

*/s/ Scott M. Mansfield*
Scott M. Mansfield, Bar # 36563 (T.A.)
Seth T. Mansfield, Bar #34657
Collin R. Melancon, Bar #36582
Brad W. Cranmer, Bar #36424
Kelley R. Dick, Jr., Bar #36434
MANSFIELD, MELANCON, CRANMER & DICK, LLC
1921 Kaliste Saloom Road, Suite 203
Lafayette, LA 70508
Telephone: (337) 409-0003
Facsimile: (504) 208-3731
Email: scott@mmcdlaw.com

AND

Eric J. Rhine (*PHV to be filed*)
Texas Bar No. 24060485
erhine@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656

ATTORNEYS FOR HENRY

**CERTIFICATE OF SERVICE**

      I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure on this 23rd day of August, 2020.

                                                  */s/ Scott M. Mansfield*
                                                  Scott M. Mansfield