UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CERTAIN UNDERWRITERS SUBSCRIBING TO GULF COAST MARINE, LLC POLICIES GCM 14549, GCM 16549, GCM 23096, GCM 17549 AND GCM 23437 | CIVIL ACTION NO. 6:20-cv-00795 |
| VERSUS | JUDGE MICHAEL J. JUNEAU |
| MONCLA MARINE, LLC, ET AL | MAG. CAROL B. WHITEHURST |

## MEMORANDUM IN SUPPORT OF
## RULE 12(b)(6) AND 12(b)(1) MOTION TO DISMISS

Defendants, Moncla Workover & Drilling Operations, LLC, Moncla Workover & Drilling, LLC, Moncla Offshore Operations, LLC, Moncla E-Line Services, Inc., Moncla Brothers Oilfield Service & Supply, LLC, Brothers Oilfield Service & Supply, LLC, Moncla Trucking, LLC, Moncla Trucking Operations, LLC, Second 4M, Ltd., MFNO, LLC, MF Oil Center, LLC, MF Realty, LLC, R.W.S. Holdings, LLC, MF North Dakota, LLC, MF Alaska, LLC, MF Oil & Gas Investments, LLC (incorrectly named in the Complaint as "MF Oil & Gas Inv., Inc." and "MF Oil & Gas Inv, LLC"), Moncla Pressure Pumping, LLC, Moncla Coiled Tubing, LLC (incorrectly named in the Complaint as "Moncla Coil Tubing, LLC"), Moncla P&A, LLC, Location Supply & Specialty, Inc., Moncla Services, Inc., and Moncla Coil Tubing Well Services, LLC (incorrectly named in the Complaint as "Moncla Coil Tubing Well Services, Inc.") (collectively referred to hereafter as the "Named Assureds"), respectfully submit this Memorandum in Support of their Rule 12(b)(6) and 12(b)(1) Motion to Dismiss. As shown herein, plaintiffs fail to state any claim upon which relief can be granted against the Named Assureds, and this Court lacks subject matter jurisdiction because there is no actual controversy which is ripe for review. As such, all claims against the Named Assureds should be dismissed.

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................. iii

BACKGROUND ............................................................................................................... 1

LAW AND ARGUMENT ................................................................................................. 3

   I.    THE COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE
       GRANTED. ............................................................................................................. 3

      A.   Rule 12(b)(6) Standards, Generally. ........................................................... 3

      B.   The Settlement Of Claims Clause Is Not Triggered As To The Named Assureds. ..... 4

          1.   Construction of the Policies. ..................................................................... 4

          2.   The Named Assureds Are Not Obligated to Defend the Lawsuits. ......................... 4

      C.   Breach Does Not Render The Policies Void *Ab Initio*. ................................................. 6

          1.   Annulment or Rescission of Insurance, Generally. ................................................. 6

          2.   The Policies Are Not Void *Ab Initio* .......................................................... 8

   II.   THE COURT LACKS SUBJECT MATTER JURISDICTION. ................................................. 8

      A.   Rule 12(b)(1) Standards, Generally. ........................................................... 8

      B.   Underwriters' Claims Against The Named Assureds Are Not Ripe For Review. ..... 10

CONCLUSION ................................................................................................................ 11

CERTIFICATE OF SERVICE ....................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Albany Ins. Co. v. Kieu,*
    927 F.2d 882, 886 (5th Cir. 1991) .............................................. 8

*Americas Ins. Co. v. Schlumberger Ltd.,*
    111 F.3d 893, 1997 WL 156867, *1 (5th Cir. 1997) ............................ 13

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).............................. 7, 8

*Campbell v. City of San Antonio,*
    43 F.3d 973, 975 (5th Cir. 1995) .............................................. 8

*Carter v. Target Corp.,*
    541 Fed.Appx. 413, 416–17 (5th Cir. 2013)..................................... 6

*Chafin v. Chafin,*
    568 U.S. 165, 171; 133 S.Ct. 1017, 1023; 185 L.Ed.2d 1 (2013)...................... 12, 13

*Choice Inc. v. Greenstein,*
    691 F.3d 710, 715 (5th Cir. 2012) ............................................ 13

*Collins v. Morgan Stanley Dean Witter,*
    224 F.3d 496, 498–99 (5th Cir. 2000) ......................................... 6

*Gabarick v. Laurin Mar. (Am.), Inc.,*
    650 F. 3d 545, 552 (5th Cir. 2011) ........................................... 8

*Grupo Protexa, S.A. v. All Am. Marine Slip, a Div. of Marine Office of Am. Corp.,*
    954 F.2d 130, 139–41 (3d Cir. 1992)......................................... 11

*In re J.E.T.,*
    16-0384, p. 7 (La. App. 1 Cir. 10/31/16); 211 So. 3d 575, 581 ...................... 10

*In re Jillian Morrison, L.L.C.,*
    482 Fed.Appx. 872, 875–76 (5th Cir. 2012)............................... 13, 14, 15

*In re Katrina Canal Breaches Litig.,*
    495 F.3d 191, 205 (5th Cir. 2007) ........................................... 7

*Lewis v. Continental Bank Corp.,*
    494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)....................... 13

*New Orleans Public Serv., Inc. v. Council of New Orleans*,
    833 F.2d 583, 586 (5th Cir. 1987) ............................................................. 13

*Roman Catholic Diocese of Dallas v. Sebelius*,
    927 F.Supp.2d 406, 415 (N.D. Tex.2013) ................................................. 13

*Seacor Holdings, Inc. v. Commonwealth Ins. Co.*,
    635 F.3d 675, 680 (5th Cir. 2011) ............................................................. 8

*St. Paul Fire & Marine Ins. Co. v. Abhe & Svoboda, Inc.*,
    798 F.3d 715, 719 (8th Cir. 2015) ...................................................... 11, 12

*Torch Liquidating Tr. ex rel. Bridge Associates L.L.C. v. Stockstill*,
    561 F.3d 377, 384 (5th Cir. 2009) ............................................................. 7

*Vest v. Richardson*,
    253 So. 2d 97, 101 (La. App. 4 Cir. 1971) .......................................... 11, 12

*WesternGeco L.L.C. v. Ion Geophysical Corp.*,
    776 F.Supp.2d 342, 350 (S.D.Tex.2011) ................................................. 13

*Xerox Corp. v. Genmoora Corp.*,
    888 F.2d 345, 350 (5th Cir. 1989) ........................................................... 13

**Other Authorities**

28 U.S.C. § 2201 ................................................................................................ 13

La. Civ. Code art. 1794 ..................................................................................... 9

La. Civ. Code art. 1796 ..................................................................................... 9

La. Civ. Code art. 1983 ................................................................................... 11

La. Civ. Code art. 2014 ................................................................................... 11

La. Civ. Code art. 2030 ............................................................................. 10, 12

La. Civ. Code art. 2033 ............................................................................. 11, 12

La. Civ. Code art. 2047 ..................................................................................... 8

La. Civ. Code art. 24 ......................................................................................... 9

**Rules**

Fed. R. Civ. P. 12(b)(1) ......................................................................... 12, 13, 15

Fed. R. Civ. P. 12(b)(6) ............................................................................... 7, 15

## **BACKGROUND**

As alleged in the Complaint, defendants, Moncla Marine, LLC, Moncla Companies, LLC, Moncla Marine Operations, LLC, and Moncla Offshore, LLC (the "Moncla Litigants") and the Named Assureds are all assureds under certain policies of marine insurance issued through Gulf Coast Marine, LLC (the "Policies").  Doc. 1, ¶¶ 1, 7-9.  The Policies each incorporate the SP-23 Protection & Indemnity Coverage Form (Revised 1/56) ("SP-23 Form").  *Id.*, ¶ 11.  Plaintiffs are the "Underwriters" subscribing to the Policies.  *Id.*, ¶¶ 1, 2.

This litigation concerns five personal injury lawsuits (the "Lawsuits") which were brought against the Moncla Litigants in state and federal court.  *Id.*, ¶¶ 4-6.  <u>None of the Named Assureds are defendants in the Lawsuits</u>.  *Id.*  Underwriters claim that the Moncla Litigants have breached the Policies by allegedly failing to defend the Lawsuits due to their insolvency.  *Id.*, ¶¶ 17-20.  As it concerns the Named Assureds, Underwriters claim that the Named Assureds are "solidarily obligated to defend" the Moncla Litigants and Underwriters in the Lawsuits under the Policies, and their failure to do so is a breach of the Policies.  *Id.*, ¶¶ 21-23.  Underwriters seek a declaration from the Court against the Named Assureds that the Policies "are void *ab initio*" or alternatively that the Policies require the Named Assureds "to fund[ ] and assum[e] defense of the Moncla Litigants" in the Lawsuits.  *Id.*, pp. 18-19.

Underwriters fails to state a claim against the Named Assureds upon which relief can be granted.  Underwriters' entire argument against the Named Assureds hinges on a single provision in the Policy which Underwriters takes out of context, and then misquotes.  Underwriters claims that the SP-23 Form incorporated in the Policies states:

> … In respect of any occurrence likely to give rise to a claim under this Policy, ***the Assureds are obligated to and shall take steps to protect their (and/or the Assurers) interest as they would reasonably take in the absence of this or similar insurance …***

1

Doc. 1, ¶ 11 (emphasis added by Underwriters).  This provision, Underwriters alleges, requires the

Named Assureds to assume the defense of the Lawsuits, even though the Named Assureds are not

defendants in the Lawsuits.  The SP-23 Form however does not give rise to a solidary obligation

of defense among all assureds.  Rather, under "Settlement of claims," it merely imposes certain

separate obligations, including a duty not to interfere with a settlement and to mitigate damages,

on each Assured individually, but not solidarily:

> The <u>Assured</u> shall not make any admission of liability, either before
> or after any occurrence which may result in a claim for which the
> Assurer may be liable.  The <u>Assured</u> shall not interfere in any
> negotiations of the Assurer, for settlement of any legal proceedings
> in respect of any occurrences for which the Assurer is liable under
> this policy; provided, however, that in respect of any occurrence
> likely to give rise to a claim under this policy, the <u>Assured</u> are
> obligated to and shall take steps to protect their (and/or the
> Assurer's) interests as would reasonably be taken in the absence of
> this or similar insurance.  If the <u>Assured</u> shall fail or refuse to settle
> any claim as authorized by Assurer, the liability of the Assurer to
> the <u>Assured</u> shall be limited to the amount for which settlement
> could have been made.

*See* Policy No. GCM 17549, Renewing No. GCM 16549, SP-23 Form, General Conditions (Bates

MMO 0173), attached hereto as Exhibit "A" (emphasis added).[1]  The intention that the obligations

of the Assureds are separate, and not solidary, is reflected elsewhere in the Policies. *Id.*, General

Conditions Applicable to All Sections, Other General Conditions Clause ("Each vessel is deemed

a separate insurance"); Cross Liabilities Clause ("… this Policy shall cover the Assured against

whom claim is or may be made in the same manner as if separate policies had been issued to each

---

[1] Although Underwriters extensively quotes and relies on the Policies, it did not attach them to the Complaint. This Court, nonetheless, may consider the Policies on a Rule 12(b)(6) Motion.  "It is well-established that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.' " *Carter v. Target Corp*., 541 Fed.Appx. 413, 416–17 (5th Cir. 2013) (*quoting Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (internal quotation marks omitted) (alteration in original). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id*.

Assured …"); Liability Limitation ("This Policy will discharge any liability that it would bear if each of the Assureds herein was separately insured …").

As discussed below, even assuming that all facts alleged in the Complaint are true, Underwriters cannot state any claim against the Named Assureds upon which relief can be granted. Moreover, there are no controversies between the parties which are ripe for review by this Court. Accordingly, all claims against the Named Assureds should be dismissed.

## LAW AND ARGUMENT

### I.   THE COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.

#### A.   Rule 12(b)(6) Standards, Generally.

Under Rule 12(b)(6), the district court may consider by motion the defendant's defense that the complaint "fail[s] to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the district court will "accept[ ] all well-pleaded facts [of the complaint] as true, viewing them in the light most favorable to the plaintiff." *Torch Liquidating Tr. ex rel. Bridge Associates L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (*quoting In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007)).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (*quoting Twombly*, 127 S.Ct. at 1965)).  "To raise a right to relief, the complaint must contain either direct allegations or permit properly drawn inferences to support 'every material point necessary to sustain a recovery'; thus, '[d]ismissal is proper if the complaint lacks an allegation

regarding a required element necessary to obtain relief.' " *Id.* (*quoting Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

As noted above, Underwriters relies solely on the "Settlement of claims" clause to support its position that the Named Assureds are obligated to defend the Moncla Litigants in the Lawsuits and that their failure to do so constitutes a breach of the policy, rendering it "void *ab initio*." Underwriters' construction of the Policies and the law is wrong, and they have not and cannot state a claim against the Named Assureds.

**B.      The Settlement Of Claims Clause Is Not Triggered As To The Named Assureds.**

**1.      <u>Construction of the Policies.</u>**

Courts in this Circuit apply Louisiana law when construing insurance policies, including Protection & Indemnity policies such as those at issue here.  " '[I]n the absence of a specific and controlling federal rule,' the interpretation of marine insurance policies is 'to be determined by reference to appropriate state law.' "  *Gabarick v. Laurin Mar. (Am.), Inc*., 650 F. 3d 545, 552 (5th Cir. 2011) (*quoting Albany Ins. Co. v. Kieu,* 927 F.2d 882, 886 (5th Cir. 1991)).  Under Louisiana law, "courts interpreting insurance contracts should 'seek to determine the parties' common intent, as reflected by the words in the policy.'"  *Id.* (*quoting Seacor Holdings, Inc. v. Commonwealth Ins. Co.,* 635 F.3d 675, 680 (5th Cir. 2011)).  "Words used in the policy 'must be given their generally prevailing meaning.'"  *Id.* (*quoting* La. Civ. Code art. 2047).  "When those words are clear, explicit, and lead to no absurd consequences, the contract must be interpreted within its four corners ...."  *Id.* (*quoting Seacor*, 635 F.3d at 680).

**2.      <u>The Named Assureds Are Not Obligated to Defend the Lawsuits.</u>**

The language of the Policies is clear and unambiguous and does not impose a solidary obligation on the Named Assureds to defend the Lawsuits.  Under Louisiana law, '[a]n obligation

is solidary for the obligors when each obligor is liable for the whole performance." La. Civ. Code art. 1794. But "[s]olidarity of obligation **shall not be presumed**;" rather it "arises from **a clear expression of the parties' intent** or from the law." La. Civ. Code art. 1796 (emphasis added).

Here, each of the Named Assureds and the Moncla Litigants is a separate and distinct legal entity. *See* Doc. 1, ¶¶ 6-9; La. Civ. Code art. 24 ("A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership"). The Complaint contains no factual allegations which would indicate that the Named Assureds and Moncla Litigants have any common interest in the Lawsuits or owe any obligations to each other. The Complaint contains no facts to indicate that solidarity would arise as a matter of law. La. Civ. Code art. 1796.

Further, there is nothing in the "Settlement of claims" clause, or elsewhere in the Policies, which would create a solidary obligation among the Named Assureds to defend all lawsuits brought against any assured. It is unnecessary for the Court to determine, for purposes of this Motion, whether the "Settlement of claims" clause gives rise to a duty to defend a lawsuit, as Underwriters contends, or merely imposes a duty of cooperation. Even assuming, solely for the purposes of this Motion, that the language relied on by Underwriters gives rise to a duty to defend a lawsuit, that duty is not triggered as to assureds who are not named as defendants in the lawsuit and have no interest to protect in the lawsuit.

The Policies state, plainly, that an "Assured," singular, not plural, is "obligated to and shall take steps to protect their (and/or the Assurer's) interests **as would reasonably be taken** in the absence of this or similar insurance." *See* Exhibit "A," MMO 0173 (emphasis added). This is not a "clear expression" of an intention by the Named Assureds to be bound solidarily for the defense of lawsuits brought against them individually. La. Civ. Code arts. 1794, 1796. Rather, each Assured is bound to act "reasonably" in the same manner as if there were no Policies. It is not

reasonable to expect an entity to assume the defense of a lawsuit *in which it has no individual exposure because it is not a party*, and Underwriter's suggestion to the contrary must be rejected. As such, the obligations stated in the "Settlement of claims" clause are not triggered merely by the bringing of a lawsuit *against any assured*.  Rather, each Named Assured's individual obligation to take "reasonable" steps is triggered only when a claim or lawsuit is brought against that Named Assured.  As none of the Named Assureds are defendants in the Lawsuits, they have no interests to protect and are not obligated to defend under the plain language of the Policies.

Accordingly, even assuming all allegations in the Complaint as true, Underwriters cannot state a claim against the Named Assureds for breach of the Policies or for a declaration compelling the Named Assureds to fund and assume the defense of the Moncla Litigants in the Lawsuits.

### C.     Breach Does Not Render The Policies Void *Ab Initio*.

Even if the Named Assureds owed a duty to defend the Lawsuits, which they do not, their failure to do so would not render the Policies "void *ab initio*."  The remedy sought by Underwriters is actually grounded in the doctrine of absolute nullity and is not available under the facts alleged in the Complaint.

#### 1.     Annulment or Rescission of Insurance, Generally.

Under Louisiana law, a contract "may be absolutely null or void *ab initio* if it contains a condition that is *contra bonos mores*."  *In re J.E.T.*, 16-0384, p. 7 (La. App. 1 Cir. 10/31/16); 211 So. 3d 575, 581.  The Civil Code provides that "[a] contract is absolutely null when it **violates a rule of public order**, as when the object of a contract is **illicit or immoral**."  La. Civ. Code art. 2030 (emphasis added).  The absolute nullification of a contract has severe consequences.  "A contract that is absolutely null may not be confirmed."  *Id.*  Moreover, "[a]n absolutely null

contract … **is deemed never to have existed**." La. Civ. Code art. 2033 (emphasis added). "The parties must be restored to the situation that existed before the contract was made." *Id.*

Conversely, the mere *breach* of an otherwise valid contract does not render the contract absolutely null and void. "Contracts have the effect of law for the parties **and may be dissolved only through the consent of the parties or on grounds provided by law**." La. Civ. Code art. 1983 (emphasis added). Dissolution of a contract is not available "when the obligor has rendered a substantial part of the performance and the part not rendered does not substantially impair the interest of the oblige." La. Civ. Code art. 2014.

With regards to insurance, the distinction between a cancelation for a breach and a rescission is significant:

> When a [insurance] policy is cancelled **it is terminated as of the cancellation date and is effective up to that date**. However**, when a policy is rescinded it is considered as void Ab initio, and is considered never to have existed**. The difference in the result in a factual situation is obvious. For instance, in the case at bar **had State Farm sought to cancel the policy there would have been no question but that there was coverage up until notice of cancellation was mailed**. However, by rescinding the policy it is considered never to have been in effect and thus there would have been no coverage at all.

*Vest v. Richardson*, 253 So. 2d 97, 101 (La. App. 4 Cir. 1971) (emphasis added). As such, courts will not lightly void or rescind an insurance policy, and this drastic relief is permitted only upon a showing of the insured's failure to disclose material facts regarding the risk being insured, and that the non-disclosure induced the insurer to issue the policy. *St. Paul Fire & Marine Ins. Co. v. Abhe & Svoboda, Inc.*, 798 F.3d 715, 719 (8th Cir. 2015). Moreover, courts have specifically held that mere breaches of the "reasonableness" requirement under the "Settlement of claims" clause will not completely obviate coverage. *Grupo Protexa, S.A. v. All Am. Marine Slip, a Div. of Marine Office of Am. Corp.*, 954 F.2d 130, 139–41 (3d Cir. 1992) (insured's "failure to act as a prudent

7

uninsured during the removal operation" did not "totally defeat [its] right to recover any removal

costs" under marine protection and indemnity policy).

### 2.     The Policies Are Not Void *Ab Initio.*

Under the above-referenced law, Underwriters is not entitled to a declaration that the

Policies are void *ab initio* even if they could show that the Named Assureds owed and breached a

duty to defend the Lawsuits.  The Complaint contains no factual allegations indicating that the

Policies "violate a rule of public order" or are otherwise "illicit or immoral."  La. Civ. Code art.

2030.  The mere *breach* of a provision would not render the Policies absolutely null *as if they never*

*existed* under the law.  La. Civ. Code art. 2033.  To reach such an extreme result, Underwriters

would have to rescind the policies by demonstrating the omission or misrepresentation of a

material fact upon which they relied in issuing the Policies.  *Svoboda*, 798 F.3d at 719.  The

Complaint contains no facts which would support a rescission or nullification of the Policies.  And,

even if Underwriters terminated the Policies, there would be coverage up to that point.  *Vest*, 253

So. 2d at 101.  The termination would not relieve Underwriters of its pre-termination obligations

or render coverage unavailable for the claims asserted in the Lawsuits.  *Id.*

Accordingly, even accepting all allegations in the Complaint as true, Underwriters is not

entitled to a declaration against the Named Assureds that the Policies are void *ab initio*.

## II.     THE COURT LACKS SUBJECT MATTER JURISDICTION.

### A.     Rule 12(b)(1) Standards, Generally.

The jurisdiction of federal courts is limited by Article III of the Constitution to actual cases

or controversies.   *Chafin v. Chafin*, 568 U.S. 165, 171; 133 S.Ct. 1017, 1023; 185 L.Ed.2d 1

(2013).  Accordingly, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered,

or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

favorable judicial decision." *Id.* at 171-72 (*quoting Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). Federal courts may not give advisory opinions based on "a hypothetical state of facts." *Id.*

"The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's case or controversy language." *Choice Inc. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012). "Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss." *Roman Catholic Diocese of Dallas v. Sebelius*, 927 F.Supp.2d 406, 415 (N.D. Tex.2013) (*citing Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989); *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F.Supp.2d 342, 350 (S.D.Tex.2011)).

"Although the Declaratory Judgment Act, 28 U.S.C. § 2201, is remedial in nature and is to be construed liberally to achieve its purposes, it is designed to permit adjudication of claims only where there is an actual case or controversy and an adjudication would serve a useful purpose." *In re Jillian Morrison, L.L.C.*, 482 Fed.Appx. 872, 875–76 (5th Cir. 2012) (*quoting Americas Ins. Co. v. Schlumberger Ltd.*, 111 F.3d 893, 1997 WL 156867, *1 (5th Cir. 1997)). A case, including an action for a declaratory judgment, "is ripe when it is no longer 'abstract or hypothetical,' and the key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Id*. (*citing New Orleans Public Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Id.*

**B.**      **Underwriters' Claims Against The Named Assureds Are Not Ripe For Review.**

For the same reasons articulated above, Underwriters' claims against the Named Assureds are speculative and hypothetical and are not ripe for review.  *Jillian Morrison* concerned the explosion of the vessel M/V JILLIAN MORRISON, off the Louisiana coast, injuring an employee of Kestrel who was working aboard the vessel under various agreements.  *Jillian Morrison*, 482 Fed.Appx. at 873.  The employee and his wife asserted claims for personal injuries against the vessel owners, Chet Morrison, who, in turn brought a limitation of liability action under federal law.  *Id.*  TransCanada owed defense and indemnity obligations to Chet Morrision.  *Id.*  TransCanada sought a declaratory judgment that it was entitled to indemnity from Kestrel under a separate agreement, and from Kestrel's insurer, Hartford, and that it was an additional insured and entitled to coverage under the Hartford Policy, for any claims made by Kestrel's employee against TransCanada.  *Id.*  Hartford moved to dismiss TransCanada's declaratory judgment action on the grounds that it was premature because the employee and his wife had not named TransCanada as a defendant in the underlying lawsuit, therefore no defense or coverage obligations had been triggered.  *Id.* at 874.  The district court agreed and dismissed TransCanada's claims, stating "because there are no current claims asserted against TransCanada, this Court will not abstractly rule on the interpretation of TransCanada's agreements with Kestrel and on the application of Hartford's policy."  *Id.*

On appeal, the U. S. Fifth Circuit agreed finding "that the district court's dismissal for lack of ripeness was proper…."  *Id.* at 875.  The Court found, "there is undoubtedly further factual development that must take place before the case will be ripe for review by the district court."  "[T]here is still no complaint against TransCanada upon which the district court could have determined any indemnity obligations by Kestrel or Hartford."  *Id.*  Because no suit had been filed

against TransCanada a "sequence of events" which TransCanada "concedes … has not yet taken place …we therefore must reach the conclusion that the case is not ripe for review." *Id.*

Similarly, here, this matter is not ripe for review by this Court.  The Named Assureds are not defendants in the Lawsuits that are at issue in Underwriters' Complaint.  As such, the abstract determination by this Court of indemnity or defense obligations which might possibly be owed if the Named Assureds were to be sued would be improper.  Accordingly, Underwriters' claims against the Named Assureds should be dismissed for this reason as well.

## **CONCLUSION**

For the foregoing reasons, the Rule 12(b)(6) and 12(b)(1) Motion to Dismiss submitted by defendants, Moncla Workover & Drilling Operations, LLC, Moncla Workover & Drilling, LLC, Moncla Offshore Operations, LLC, Moncla E-Line Services, Inc., Moncla Brothers Oilfield Service & Supply, LLC, Brothers Oilfield Service & Supply, LLC, Moncla Trucking, LLC, Moncla Trucking Operations, LLC, Second 4M, Ltd., MFNO, LLC, MF Oil Center, LLC, MF Realty, LLC, R.W.S. Holdings, LLC, MF North Dakota, LLC, MF Alaska, LLC, MF Oil & Gas Investments, LLC, Moncla Pressure Pumping, LLC, Moncla Coiled Tubing, Moncla P&A, LLC, Location Supply & Specialty, Inc., Moncla Services, Inc., and Moncla Coil Tubing Well Services, LLC, should be granted and all claims asserted against them in the Complaint dismissed.

Respectfully submitted,

*/s/Patrick S. McGoey*
Kyle Schonekas, 11817
Patrick S. McGoey, 24549
Andrea V. Timpa, 29455
SCHONEKAS, EVANS, McGOEY &
McEACHIN, L.L.C.
909 Poydras Street, Ste. 1600
New Orleans, Louisiana  70112
Telephone:  (504) 680-6050
kyle@semmlaw.com
patrick@semmlaw.com
andrea@semmlaw.com

*Attorneys for Named Assureds*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2020, I electronically filed the foregoing pleading

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing

to all counsel of record.

*/s/Patrick S. McGoey*
Patrick S. McGoey